ALVAH DEWEY, Respondent, v. JACOB LEONHARDT, Appellant.

**St. Louis Court of Appeals, November 5, 1889.**

1. **Practice, Trial: NEW TRIAL.** It is erroneous for a circuit court to attach to an order, granting the defendant a new trial, a condition requiring the defendant to give bond for the payment of any judgment thereafter rendered against him in the cause.

2. ———: **PLEADING.** If, in an action for foreclosure of a mortgage under Revised Statutes, 1879, section 3297, the debt consists of three notes, the petition should contain a separate count for each note.

*Appeal from the St. Louis City Circuit Court.*—HON. JAS. E. WITHROW, Judge.

REVERSED AND REMANDED.

*Lubke & Muench,* for the appellant.

The court below found the motion to set aside the default and judgment a meritorious one. Its authority to impose terms on defendant is not arbitrary. The statute says a default may be set aside before final judgment "upon such terms as shall be just" ( R. S. 3676 ); and that after final judgment the court may grant a new trial and "permit the pleadings to be amended on such terms as may be just." R. S. 3704. This language refers to costs, the time and manner of pleading, and the preparation for trial; and did not justify the order calling on defendant to give bond and security. The petition is defective in that the three notes are joined in one count. This defect is fatal, and can be taken advantage of by motion in arrest. *McCoy v. Yager,* 34 Mo. 134; *Clark v. Railroad,* 36 Mo. 202; *Hoagland v. Railroad,* 39 Mo. 457; *Scott v. Robards,* 67 Mo. 289. The petition is also defective, in that the

cause of action for a judgment or decree of foreclosure is not stated in a separate count, as required by Revised Statutes, section 3512. *Henderson v. Dickey*, 50 Mo. 161.

*George Bullock* and *Wm. F. Woerner*, for the respondent.

The motion for a new trial was properly overruled. The court would have been justified in denying the defendant a new trial absolutely; if the court had the power ( which cannot be doubted ) to overrule unconditionally, then certainly defendant cannot complain that the motion was sustained conditionally. Although the three notes be joined in one count, the defect, if any, cannot be reached by motion in arrest. *Bank v. Dillon*, 75 Mo. 380–382; *Carrington v. Hancock*, 23 Mo. App. 299; *Baker v. Raley*, 18 Mo. App. 562; *Southern Co. v. Bamb*, 82 Mo. 242, 247.

Briggs, J., delivered the opinion of the court.

There was a judgment against the defendant, and the circuit court sustained a motion for a new trial upon the condition that the defendant would give a bond, to be approved by the court, for the payment of such judgment as might thereafter be rendered in the cause. The defendant refused to give this bond, and objected and excepted to the action of the court in annexing such a condition to its order. This, we think, presents a proper question for review, and if the action of the court in this respect was unauthorized, or if there has been a wrongful exercise of a judicial discretion by the court, then the judgment ought to be reversed.

The record presents other questions growing out of the refusal of the court to arrest the judgment, but the view, which we entertain of the action of the court respecting the motion for a new trial, dispenses with

Dewey v. Leonhardt.

the discussion of them by us, except in an incidental way, as the errors (if any) were mere accidents of the trial, and are not likely to occur on a retrial.

The statute provides that after final judgment the circuit court may grant a new trial and permit the pleadings to be amended, etc., "*on such terms as may be just.*" R. S. 1879, sec. 3704. We do not think that this statute confers on the circuit court absolute or arbitrary authority to determine upon what terms or conditions it will sustain a motion for new trial. The extent of such authority or discretion is to be determined by a reasonable interpretation of the words of the statute, and cannot be made to depend on the mere opinion of the trial judge. In other words, the discretion is to be exercised in a judicial way and not arbitrarily. The words, "on such terms as may be just," refer to the payment of costs already incurred, the time within which pleadings must be amended or filed, and the date of retrial. Within this scope the discretion of the trial court is almost unlimited, and could only be interfered with in cases of manifest abuse.

The circuit court determined that the reasons urged by the defendant for a new trial were meritorious and justified the court in sustaining the motion, and, having so decided, we do not think the court had any right to withhold from the defendant his just rights under the law, unless he would give security for the payment of plaintiff's debt.

In view of the fact that there will probably be another trial, we have deemed it proper to indicate our opinion concerning a question of pleading involved in this case. This is a statutory proceeding to foreclose a chattel mortgage, and to obtain judgment against the defendant on three promissory notes. There is but one count in the petition. This statutory action is somewhat peculiar (R. S. 1879, sec. 3297), but we know of no good reason why the ordinary rules governing code

pleading should not be applied to it. The statute provides for a general judgment against the mortgagee for the amount of the mortgage debt, and it also provides that all proceedings under the statute should be governed by the same law regulating other civil actions. If the ordinary rules of pleading are to govern, it will be readily conceded that the plaintiff's petition is not sufficient.

The judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.